IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GULF AVIATION SERVICES )
GROUP WLL D/B/A UNITED )
AVIATION, )
                                   )
     Plaintiff-Counterclaim )
     Defendant, )
                                   )
     v. )     C.A. No. N20C-05-128 AML CCLD
                                   )
WILMINGTON TRUST )
COMPANY, )
                                   )
     Defendant-Counterclaim )
     Plaintiff. )

Submitted: February 22, 2024
Decided: April 3, 2024

## ORDER[1]

1. Pending before this Court is a Petition to Establish and Enforce a Charging Lien filed by Lupkin PLLC ("Lupkin"). On December 29, 2023, the Court issued its Post-Trial Memorandum Opinion resolving the parties' claims.[2] On February 2, 2024, the Court entered a final order and judgment in favor of Gulf Aviation in the amount of $3,195,967.40 and post-judgment interest in the amount of $919.39/day.[3]

---

[1] Sitting as a Judge of the Superior Court of the State of Delaware by special designation of the Chief Justice of the Supreme Court of Delaware pursuant to Del. Const. Art. IV § 13(2).
[2] *Gulf Aviation Servs. Group WLL v. Wilmington Trust Co.*, 2023 WL 9118772 (Del. Super. Dec. 29, 2023).
[3] D.I. 173.

2.    On February 13, 2024, Lupkin filed its Petition to Establish and Enforce a Charging Lien (the "Petition").  The Petition seeks a lien in the amount of 10% of Gulf Aviation's recovery to satisfy unpaid contingency fees in connection with Lupkin's representation of Gulf Aviation between March 4, 2020 and June 2, 2021.[4] Lupkin alleged that Gulf retained the firm to provide pre-litigation and litigation services regarding Gulf's dispute with Wilmington Trust.  The Petition also averred that Gulf entered into a hybrid fee agreement with Lupkin under which Gulf paid a reduced hourly rate for Lupkin's services and agreed to pay a 10% contingency fee for any judgment obtained as a result of Lupkin's services.[5]  After Gulf terminated Lupkin on June 2, 2021, it paid the outstanding hourly fees but not the contingency fee, which Lupkin contends is now due.[6]

3.    On February 16, 2024, Gulf Aviation responded to the Petition, asserting numerous defenses, including that this Court lacks subject matter jurisdiction to decide the Petition because the dispute is subject to binding arbitration and because Lupkin cannot recover contingency fees from a judgment that its representation did not directly secure.[7]  Lupkin did not respond to any of these arguments.

---

[4] D.I. 175.
[5] *Id.*
[6] *Id.*
[7] D.I. 176.

4. On February 22, 2024, Wilmington Trust Company responded to the Petition, stating that it had transmitted the funds in satisfaction of the judgment and took no position on the Petition. Wilmington Trust asked to be excused from any further proceedings.[8]

5. Having considered the Parties' submissions and the applicable authorities, it is evident that the Petition must be refused for lack of subject matter jurisdiction. When the arbitrability of a claim is disputed, the court first must determine whether the arbitration provision is broad or narrow, after which the court applies the relevant provision to determine if the claim falls within the scope of the parties' agreement to arbitrate.[9] Where the provision is narrow, the dispute must directly relate to the contractual right that is subject to arbitration.[10]

6. Here, Lupkin's engagement letter provided that "[i]f a fee dispute arises in the future, it is agreed that [client] and the Firm have consented in advance to submit any such dispute to binding fee arbitration under Part 137 of the Rules of the Chief Administrator."[11]

7. Because this arbitration provision only concerns fee disputes, and not any dispute concerning Lupkin's representation, it is a narrow provision. Lupkin's

---

[8] D.I. 177.
[9] *Parfi Holding AB v. Mirror Internet, Inc.* 817 A.2d 149, 155 (Del. 2002).
[10] *Id.*
[11] Pltf's Opposition to Petition Ex. A at 2 (emphasis in original).

Petition, however, directly relates to a fee dispute because the parties disagree as to whether Lupkin is entitled to recover contingency fees from a judgment obtained after Gulf Aviation terminated Lupkin's representation.[12]  Because the parties agreed to arbitrate any fee dispute, this Court lacks jurisdiction over the Petition and the matter must be submitted to arbitration.

**IT IS SO ORDERED**

*/s/ Abigail M. LeGrow*
Hon. Abigail M. LeGrow

---

[12] Even if this Court had jurisdiction over the Petition, a charging lien would be inappropriate to secure unpaid contingency fees where the law firm's representation did not directly secure the judgment. *Katten Muchin Roseman LLP v. Sutherland*, 153 A.3d 722, 727 (Del. 2017) ("In the case of hourly billing, *unlike with a contingency fee*, the total amount that the client is required to pay her lawyer is not based on the client's recovery.") (emphasis added).